IN THE UNITED STATES DISTRICT COURT

NORHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Karen Parquette,<br><br>    Plaintiff,<br><br>v.<br><br>Family Dollar Stores of Georgia, LLC and John Does NOS 1-10,<br><br>    Defendant. | Civil Action<br>File No.: |

**PETITION FOR REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Family Dollar Stores of Georgia, LLC by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and files its Petition for Removal and respectfully show this Court the following:

1.  A civil action has been filed and is now pending in the State Court of Clayton County, State of Georgia designated as Civil Action File No. 2022CV00836.

2.  The Summons and Complaint in that action were filed in the State Court of Clayton County on April 26, 2022. To date, Family Dollar Stores of Georgia, LLC

has not been served.  Thus, this Petition for Removal is timely filed under 28 U.S.C. § 1446(b).

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. § 1446. (Attached hereto as "**Exhibit A**").

## DIVERSITY OF CITIZENSHIP

4. There is complete diversity of citizenship among the parties under 28 U.S.C. §1332(a).  Plaintiff Karen Parquette is a citizen of Georgia.  John Does Nos. 1 through 10 are unidentified fictitiously-named defendants whose citizenship should be disregarded for purposes of determining removability.  28 U.S.C. § 1441(b)(1); Walker v. CSX Transp. Inc., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) ("that the fictitious defendants were likely Georgia citizens did not destroy complete diversity").

5. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Defendant Family Dollar Stores of Georgia, LLC is now, was at the commencement of this suit, and at all times since been a single-member limited liability corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 500 Volvo Parkway, Chesapeake, Virgina 23320.  Defendant's sole member is Family

Dollar Stores, Inc., a corporation formed under the laws of the State of Delaware with its principal place of business in Virginia. Thus, Defendant Family Dollar Stores of Georgia, LLC is a citizen of both Delaware and Virginia. Accordingly, there is complete diversity of citizenship.

### AMOUNT IN CONTROVERSY

6. In addition to diversity of citizenship, this case is appropriate for removal because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Plaintiff's Complaint

7. Ms. Parquette alleges in her Complaint that she slipped and fell on playing cards at a Family Dollar store on June 21, 2020, injuring herself in the fall. Plaintiff alleges that she suffered "serious injuries to [her] body," but does not specify the injuries. [Compl. ¶¶ 17, 23, and 31]. Ms. Parquette also alleges in her Complaint that, as a result of this fall, she "has and will endure pain and suffering" and has other "general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury." [Compl. ¶¶ 19 and 39(f)]. Ms. Parquette further alleges that she has incurred in excess of $29,342.86 in medical expenses and lost wages in excess of $1.00, and further alleges "specific damages" including future medical expenses and future lost wages. [Compl. ¶¶ 18 and 39(d)]. Pursuant to O.C.G.A. § 13-6-11, Ms.

Parquette also claims attorneys' fees alleging that Defendant has acted in bad faith, been stubbornly litigious and/or has caused her unnecessary time and expense.

8.  The amount in controversy is facially apparent from the Complaint. Harris v. Outback Steakhouse of Florida, LLC, et al., No. 1:18-cv-05078-ELR (N.D. Ga. 2018) is instructive on this issue. In Harris, the plaintiff alleged she suffered a herniated disc in the lumbar spine, and injuries to her left knee, back and other parts of her body when she slipped and fell in the restroom of an Outback Steakhouse restaurant. [Harris, Compl., pp. 3-5, Doc. 1-1]. In addition to past medical expenses of $10,985.75, the plaintiff further alleged other categories of damages including, but not limited to, past and future pain and suffering, past and future lost wages, and future medical expenses, which included lumbar *injections* and any other further treatment. [Id. at ¶¶ 30-31]. The plaintiff did not itemize any measure of damages other than past medical expenses.

The defendants removed the case to federal court on grounds of diversity jurisdiction and the plaintiff filed a Motion to Remand arguing the defendants had failed to prove the $75,000 jurisdictional requirement had been satisfied. In their response brief, the defendants highlighted that the "Court's experience and common sense" would reveal that the plaintiff was seeking more than $75,000 in damages because plaintiff would require future spinal injections for her herniated disc, plaintiff

claimed her injuries were causing severe pain, and plaintiff alleged permanent impairment and loss of ability to work. [Harris, Response to Motion to Remand, p 4, Dec. 3, 2018, Doc. 8]. Judge Ross ultimately ordered that the defendants had established diversity jurisdiction and the case continued in federal court. [Harris, Order, Dec. 10, 2018, Doc. 13].

9. Here, Plaintiff alleges "serious injuries to her body" and claims she has incurred in excess of $29,342.86 in medical expenses and lost wages in excess of $1.00, and further alleges "specific damages" including future medical expenses and future lost wages. Like the complaint in Harris, experience and common sense dictates that the face of Ms. Parquette's Complaint indicates that, more likely than not, past and future damages would easily exceed $75,000. See Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016) ("Using its 'judicial experience' and 'common sense,' the court finds that it can reasonably infer from the nature and extent of the Plaintiff's alleged severe injuries stated in the Complaint that the amount in controversy in this case would exceed $75,000.00. The Complaint references that the Plaintiff was "seriously injured," and such serious injuries to the Plaintiff's head, neck, and back could support a finding that the jurisdictional amount is satisfied.").

10. Finally, Plaintiff also claims attorneys' fees pursuant to O.C.G.A. 13-6-11. [Compl. at ¶ 39(e)]. Where "attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy." <u>Estate of Thornton ex. Rel. Thorton v. Unum Life Ins. Co. of America</u>, 445 F. Supp. 2d 1379, 1382 n.1 (N.D. Ga. 2006).

11. Based on the Complaint alone, it is more likely than not that Plaintiff's damages exceed $75,000 because Plaintiff has claimed eight distinct elements of damages:

- Past medical expenses **in excess of** $29,342.86;
- Past lost wages in excess of $1.00;
- Future medical expenses;
- Future lost wages;
- Past pain and suffering;
- Future pain and suffering;
- Other general damages to be determined by a jury; and
- Attorneys' fees.

## Other Paper

12. Prior to filing suit, Plaintiff issued a settlement on March 28, 2021. The demand letter more specifically describes that Ms. Parquette suffered from neck, back, hip, and extremity injuries and "other issues," and notes that Plaintiff "sustained **herniated and disrupted discs** in her lumbar spine" as confirmed by an MRI. A true and correct copy of the Demand is attached hereto as "**Exhibit B**." Additionally, the demand letter states:

> [R]eferral for more aggressive intervention such as **additional injections and/or surgical correction has not yet been ruled out**. In light of Karen's severe injuries, she may be **forced to endure the pain and suffering inflicted upon her through your insured's negligence, along with the exorbitant medical costs for treatment thereof, for many years to come**.

Id. at p. 1 (emphasis added). The letter goes on to say, "**Karen's damages may continue to accrue for some time to come**." Id. at p. 2 (emphasis added). Finally, the letter demands $150,000 and indicates that it "is **easily justified**." [Id. at p. 2 (emphasis added)].

13. In addition to the face of the Complaint, courts in the Eleventh Circuit have long held that settlement demands attached to the removal are evidence of "other paper" under § 1446(b) that can establish the amount in controversy of a case. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (stating that "other paper" such as settlement offers and demand letters can serve as a basis for removal); Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (holding that the initial settlement demand letter for $150,000 was admissible evidence of the amount-in-controversy at the time of removal and established that the $75,000 amount-in-controversy requirement was satisfied).

14. Here, Plaintiff's pre-suit demand letter identified Plaintiff's specific injuries to be neck, back, hip, and extremity injuries and "other issues." Further the letter states that Plaintiff "sustained herniated and disrupted discs in her lumbar spine."

The letter goes on to indicate that future injections and surgical correction cannot be ruled out. Finally, the letter makes it clear that Plaintiff's pain and suffering and future medical treatment could go on for "**years to come**" so much so that the demand for $150,000 is "**easily justified**." Thus, it is clear that Plaintiff's pre-suit demand establishes that Plaintiff's damages well exceed $75,000.

15. When viewed in totality, the Complaint and pre-suit demand letter more than establish the requisite jurisdictional requirement of $75,000.

## OTHER STATUTORY REQUIREMENTS

16. This action is currently pending in the State Court of Clayton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C. §§ 90(a)(2) and 1446(a).

16. Attached hereto as "**Exhibit C**" is a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia.

11. Attached hereto as "**Exhibit D**" is a copy of Defendant's Answer filed in State Court.

WHEREFORE, the Defendant prays the above action now pending before the State Court of Clayton County, Georgia be removed to this Court's jurisdiction.

This 2nd day of June, 2022.

Goodman McGuffey LLP
Attorneys for Family Dollar Stores of Georgia, LLC


By:     */s/ James T. Hankins, III*_____
        JAMES T. HANKINS III
        GA State Bar No.  188771
        Jhankins@GM-LLP.com
        JANINE A. MCKINNON
        GA State Bar No.  168819
        JMcKinnon@GM-LLP.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        (404) 264-1500 Phone
        (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT

NORHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Karen Parquette,<br><br>    Plaintiff,<br><br>v.<br><br>Family Dollar Stores of Georgia, LLC and John Does NOS 1-10,<br><br>    Defendant. | Civil Action<br>File No.: |

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

David T. Dorer, Esq.
Dozier Law Firm, LLC
P.O. Box 13
Macon, GA 31202-0013
dorer@dozierlaw.com

This 2nd day of June, 2022.

*/s/James T. Hankins, III*
JAMES T. HANKINS III
GA State Bar No. 188771
Jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax