# EXHIBIT "A"

2022CV00836

e-Filed 4/26/2022 12:37 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **KAREN PARQUETTE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FAMILY DOLLAR STORES OF** | : | **CIVIL ACTION NO.** 2022CV00836 |
| **GEORGIA, LLC**, and **JOHN DOES** | : | |
| **NOS 1-10** whether singular or plural, | : | |
| whether masculine or feminine, whether | : | |
| entities or individuals, whom are not known | : | |
| at this time but will be added  by | : | |
| amendment when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

### COMPLAINT FOR DAMAGES

COMES NOW, Karen Parquette, plaintiff in the above-captioned case, by and through

undersigned counsel of record and files this Complaint for Damages and respectfully shows this

Honorable Court as follows:

### VENUE AND JURISDICTION

l.

The defendant Family Dollar Stores of Georgia, LLC is a foreign for-profit limited

liability company who's registered agent resides in Gwinnett County, Georgia. As such,

Defendant Family Dollar Stores of Georgia, LLC is subject to the venue of Gwinnett County,

Georgia pursuant to O.C.G.A. § 14-2-510(b)(1).

2.

The occurrence which gives rise to this Complaint for Damages occurred in Clayton

**2022CV00836**

County Georgia. As such, Defendant Family Dollar Stores of Georgia, LLC is subject to the

venue of Clayton County, Georgia pursuant to O.C.G.A. § 14-2-510(b)(3).

3.

The defendant Family Dollar Stores of Georgia, LLC is subject to the jurisdiction of this

Honorable Court. See: O.C.G.A. § 9-10-91(2); International Shoe Co. v. Washington, 326 U.S.

310 (1945).

4.

This venue is proper as to the defendant Family Dollar Stores of Georgia, LLC.

5.

The defendant(s), JOHN DOES NOS 1-10, are  individuals whose identities are unknown

to the plaintiff but known to the defendants Family Dollar Stores of Georgia, LLC was operating

within their capacity as employees of the defendant Family Dollar Stores of Georgia, LLC when

the occurrence giving rise to this Complaint for Damages occurred.

6.

Defendant(s) JOHN DOES NOS 1-10 are alleged to be, at all times relevant to this

Complaint for Damages, joint-tortfeasors with defendant Family Dollar Stores of Georgia, LLC.

7.

Defendant(s) JOHN DOES NOS 1-10 are subject to the jurisdiction of this Court. See:

O.C.G.A. § 9-10-31(a).

8.

This venue is proper as to defendant(s) JOHN DOES NOS 1-10.

2022CV00836

,        ,

## GENERAL FACTS COMMON TO ALL COUNTS

9.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

### THE PREMISES

10.

Defendant Family Dollar Stores of Georgia, LLC  owns and/or operates a department

store located at 4018 Jonesboro Rd, Forest Park, Georgia 30297 (hereinafter, "Family Dollar").

11.

Defendant(s) JOHN DOES NOS 1-10 are agents and/or employees of defendant Family

Dollar.

12.

The aforementioned premises is open to the public for business.

13.

On or about June 21, 2020 Family Dollar, by express or implied invitation, induced or

lead the Plaintiff to come upon the aforementioned premises for a lawful purpose.

14.

On or about June 21, 2020 Plaintiff was an invitee on the premises owned and operated

by the defendant Family Dollar.

### CONDITIONS LEADING TO INJURY

15.

While on the premises as an invitee, Plaintiff slipped on playing cards and fell down.

2022CV00836

16.

At all times relevant to this Complaint for Damages, there were no signs and/or warnings to put plaintiff on notice of a potentially dangerous hazard.

## INJURIES AND DAMAGES

17.

The aforementioned circumstances pled in this Complaint for Damages resulted in serious injuries to plaintiff's body.

18.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred medical expenses in excess of $29,342.86 and lost wages in excess of $1.00.

19.

In addition to the aforementioned damages, Plaintiff has and will endure pain and suffering.

## COUNT I: PREMISES LIABILITY AS TO FAMILY DOLLAR

20.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

21.

Defendant Family Dollar has and had a duty to exercise ordinary care in keeping the aforementioned store and its approaches safe.

22.

Defendant Family Dollar, breached the aforementioned duty on June 21, 2020 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

2022CV00836

23.

As a foreseeable and proximate result of the defendant Family Dollar's breach, the

Plaintiff suffered serious injuries to Plaintiff's body as pled in this Complaint for Damages.

24.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff incurred

damages as pled in this Complaint for Damages.

25.

Plaintiff  has a cause of action against defendant Family Dollar for personal injuries

arising from defendant's premises liability.

26.

Plaintiff is entitled to recover from the defendant Family Dollar for damages as pled in

this Complaint for Damages.

## COUNT II: NEGLIGENCE AS TO JOHN DOES NOS 1-10

27.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

28.

Defendant(s) JOHN DOES NOS 1-10, as a responsibility of employment, had and have a

duty to inspect the aforementioned premises.

29.

Defendant(s) JOHN DOES NOS 1-10 breached this duty on June 21, 2020 by failing to

keep approaches and walkways safe.

2022CV00836

,           ,

30.

In the alternative or in addition thereto, defendant(s) JOHN DOES NOS 1-10 breached this duty on June 21, 2020 by failing to provide sufficient warnings of a risk of injury.

31.

As a foreseeable and proximate result of the defendant(s) JOHN DOES NOS 1-10's breach, the Plaintiff suffered serious injuries as pled in this Complaint for Damages.

32.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred damages as pled in this Complaint for Damages.

33.

Plaintiff has a cause of action against defendant(s) JOHN DOES NOS 1-10 for personal injuries arising from defendant's negligence.

34.

Plaintiff is entitled to recover from the defendant(s) JOHN DOES NOS 1-10 for damages as pled in this Complaint for Damages.

## COUNT III: VICARIOUS LIABILITY OF FAMILY DOLLAR

35.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

36.

Defendant(s) JOHN DOES NOS 1-10 were acting within the scope of their employment when they committed the torts enumerated in Count II of this Complaint for Damages.

2022CV00836

#### 37.

Defendant Family Dollar is liable for the negligent conduct of its employee under a theory of respondeat superior.

#### 38.

In the alternative, defendant Family Dollar is liable to the plaintiff for negligent hiring and retention of an unsafe employee or any other applicable theory of vicarious liability.

#### 39.

Plaintiff is entitled to recover from Family Dollar for damages which resulted from the negligent conduct pled in Count II of this Complaint for Damages.

WHEREFORE, the Plaintiff prays that:

a.  Summons be issued as to the Defendant(s);
b.  that the Defendant(s) be called to answer this Complaint for Damages;
c.  that a trial be held on all issues so triable;
d.  that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e.  that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);
f.  that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g.  such further relief as this Court determines is adequate and just.

2022CV00836

This20 day of April 2022.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com

2022CV00836

e-Filed 4/26/2022 12:37 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**KAREN PARQUETTE,**

    Plaintiff,

VS.

**FAMILY DOLLAR STORES OF
GEORGIA, LLC,** and **JOHN DOES
NOS 1-10** whether singular or plural,
whether masculine or feminine, whether
entities or individuals, whom are not known
at this time but will be added by
amendment when ascertained.

    Defendants.

**CIVIL ACTION NO.** 2022CV00836

---

### VERIFICATION OF COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff in the above-captioned case, and personally appears before

the undersigned, being of sound mind, the legal age of majority, and operating under no

deficiencies of intoxicants or medication, and verifies, under oath and penalty of perjury, that the

attached Complaint for Damages is true and correct to the best of my personal knowledge.

This 25 day of April, 2022

*Karen Parquette*

Karen Parquette

Sworn to and subscribed before me,
this ___ day of April, 2022.
*Samantha Bowdoin*
Notary Public
My Commission Expires: 9/23/2023

SAMANTHA BOWDOIN
NOTARY
EXPIRES
GEORGIA
09/23/2023
PUBLIC
HOUSTON COUNTY

Page 1 of 1

2022CV00836

e-Filed 4/26/2022 12:37 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

KAREN PARQUETTE, :
　　　　　　　　　　　　　　　:
　　　　Plaintiff, :
　　　　　　　　　　　　　　　:
VS. :
　　　　　　　　　　　　　　　:
FAMILY DOLLAR STORES OF : CIVIL ACTION NO: 2022CV00836
GEORGIA, LLC, and JOHN DOES :
NOS 1-10 whether singular or plural, :
whether masculine or feminine, whether :
entities or individuals, whom are not known :
at this time but will be added  by :
amendment when ascertained. :
　　　　　　　　　　　　　　　:
　　　　Defendants. :
　　　　　　　　　　　　　　　:

### MOTION TO APPOINT A SPECIAL AGENT FOR SERVICE OF PROCESS

COMES NOW, Plaintiff in the above-styled action and files this Motion to Appoint a

Special Agent for Service of Process and shows this Honorable Court as follows:

1.

Plaintiff filed the instant lawsuit on April 26, 2022.

2.

Defendant has a "duty to avoid unnecessary costs of serving the summons" by

acknowledging and waiving service of process pursuant to O.C.G.A. § 9-11-4(d). Plaintiff is

affording the Defendant an opportunity to comply with this duty. See: Notice of Lawsuit, filed

contemporaneously hereto.

However, in the event that the Defendant is non-compliant, Plaintiff has a duty to serve

the Defendant within five (5) days of the person making such service receiving a copy of the

2022CV00836

Complaint and Summons. See: O.C.G.A. § 9-11-4(c). As such, the Plaintiff wishes to be

prepared, and moves to appoint Plaintiff's process server to be ready to effectuate any service

that may become necessary in this case.

3.

Plaintiff's process server meets the qualifications of being a process server in the State of

Georgia. Exh. A.

4.

Plaintiff prays that this Honorable Court appoint Raymond Cross for purposes of service

of process in this case.

This 26 day of April, 2022

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com

2022CV00836                                    e-Filed 4/26/2022 12:37 PM

,     .

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA  Clayton County, Georgia
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236  Hannah Lowery
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Karen Parquette |
|---|
|  |
|  |

                         Plaintiff

Vs.                                        _____2022CV00836_____

| Family Dollar Stores of Georgia, LLC |
|---|
| 2 Sun Court, Ste 400 |
| Peachtree Corners, GA 30092 |

                                            Case Number

                         Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

| David T. Dorer |
|---|
| Dozier Law Firm |
| PO Box 13 |
| Macon, GA 31202 |
| 478-742-8441 |
| dorerlawteam@dozierlaw.com |

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

                              **TIKI BROWN**
                              **CLERK OF COURT**
                              **State Court of Clayton County**

By:_____
Deputy Clerk

2022CV00836

e-Filed 4/26/2022 12:37 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **KAREN PARQUETTE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FAMILY DOLLAR STORES OF** | : | CIVIL ACTION NO. 2022CV00836 |
| **GEORGIA, LLC,** and **JOHN DOES** | : | |
| **NOS 1-10** whether singular or plural, | : | |
| whether masculine or feminine, whether | : | |
| entities or individuals, whom are not known | : | |
| at this time but will be added  by | : | |
| amendment when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF LAWSUIT

TO: Family Dollar

I am notifying you in writing, pursuant to my requirements under O.C.G.A. § 9-11-4(d)(3)(A), that a lawsuit in the above-captioned court has been commenced against you. A copy of the complaint in the above-captioned case is attached to this notice, as is required by O.C.G.A. § 9-11-4(d)(3)(C). This notice has been sent via certified mail with return receipt requested so as to be the most reliable means of ensuring delivery, above and beyond the requirements of O.C.G.A. § 9-11-4(d)(3)(B).

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Acknowledgment of Service, Waiver of Issuance of a Summons, Waiver of Defense of Insufficiency of Service of Process, and Waiver of any Further Service  in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.

Page 1 of 4

2022CV00836

Your duty to avoid the unnecessary cost of service under O.C.G.A. § 9-11-4(d)(3) will be properly performed if I and the Court receive a signed copy of the waiver within 30 days after the date designated below as the date on which this notice is received. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

## <u>YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.</u>

If you comply with this request and file with the above-captioned Court and return a copy to me of the signed Acknowledgment of Service, Waiver of the Issuance of a Summons, Waiver of Defenses of Insufficiency of Service of Process, and Waiver of any Further Service, the Waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty (60) days from the date you execute the enclosed Acknowledgment of Service, Waiver of the Issuance of a Summons, Waiver of Defenses of Insufficiency of Service of Process, and Waiver of any Further Service.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full cost of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will

2022CV00836

be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

## DUTY TO AVOID UNNECESSARY EXPENSES IN LITIGATION

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This 20 day of April 2022.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com

2022CV00836

,        '

## CERTIFICATE OF SERVICE

I certify that I have served on the following persons, by certified mail and/or other reliable means, a copy of this notice, two copies of a proposed form for acknowledging and waiving service of process, a prepaid, self-addressed envelope,  a copy of the Complaint, Summons, 5.2(2) certificate of service of discovery, original discovery requests, and all other filed notices, motions, orders, or pleadings in the above-captioned case to the following:

> Family Dollar Stores of Georgia, LLC
> C/o Corporation Service Company
> 2 Sun Court, Ste 400
> Peachtree Corners, Georgia 30092

This 20 day of April 2022.

/s/ David T. Dorer_____
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com

Page 4 of  4

2022CV00836

# **EXHIBIT** A

2022CV00836

# STATE COURT OF SPALDING COUNTY
## STATE OF GEORGIA
## AFFIDAVIT OF RAYMOND CROSS

### 1.

My name is Raymond Cross, I have reached the age of legal majority, am of sound mind, have not taken any mind altering substances which would impair my testimony or would interfere with my full and complete understanding of the oath I have sworn to when providing this affidavit of my testimony.

### 2.

I am a citizen of the United States and I am unrelatedly blood or marriage, to the parties to this action.

### 3.

I am a licensed investigator in good standing with the State of Georgia and an employee of Cross and Mullins Investigations since 2014.

### 4.

I have been a court appointed process server in numerous Georgia counties including Bibb, Houston, Jones, Peach, Crawford and the Ocmulgee Judicial Circuit. I am a year-to-year appointed process server in Bibb Superior Court.

This 25 day of March, 2022

_____
Raymond Cross

Sworn to and subscribed before me

this 25 day of March, 2022

_____
Notary Public

My Commission Expires: 3-1-23

2022CV00836

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**KAREN PARQUETTE,**

     Plaintiff,

VS.

**FAMILY DOLLAR STORES OF
GEORGIA, LLC,** and **JOHN DOES
NOS 1-10** whether singular or plural,
whether masculine or feminine, whether
entities or individuals, whom are not known
at this time but will be added by
amendment when ascertained.

     Defendants.

CIVIL ACTION NO. 2022CV00836

## ORDER APPOINTING SPECIAL AGENT FOR SERVICE OF PROCESS

WHERAS, the Plaintiff has moved this Court to appoint Raymond Cross as a special
agent of service of process; and,

WHEREAS, the Defendant(s) has/have not yet been served in the above-captioned case;
and,

WHEREAS, Raymond Cross meets the qualifications of a special agent of service of
process under Georgia Law; it is so ORDERED.

Raymond Cross is hereby appointed as a special agent for service of process in the
above-captioned case.

2022CV00836

So ordered this____day of _____20___.

_____
Judge, State Court of Clayton County

Order Prepared By:
/s/ David Thomas Dorer_____
David Thomas Dorer
DOZIER LAW FIRM, LLC
Georgia Bar No. 934408
Attorney for the Plaintiff

2022CV00836

e-Filed 4/26/2022 12:37 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**KAREN PARQUETTE,**                       :
                                           :
       Plaintiff,                          :
                                           :
VS.                                        :
                                           :
**FAMILY DOLLAR STORES OF**                :        CIVIL ACTION NO. 2022CV00836
**GEORGIA, LLC,** and **JOHN DOES**        :
**NOS 1-10** whether singular or plural,   :
whether masculine or feminine, whether     :
entities or individuals, whom are not known :
at this time but will be added  by         :
amendment when ascertained.                :
                                           :
       Defendants.                         :
                                           :

### RULE 5.2(2) CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Uniform Rule 5.2(2), this is to certify that all parties to this action were

served with copies of the Plaintiff's First Interrogatories, Request for Production, and Requests

for Admission, and notice of deposition pursuant to O.C.G.A. § 9-11-30(b)(6) to **Family Dollar**

in the above-captioned case.

Said service was/will be made contemporaneously with a copy of the Complaint and

Summons in a manner consistent with the requirements of O.C.G.A. § 9-11-4. The date of

service on the subsequently-filed affidavit of service of summons is the date that **Family Dollar**

was served with the aforementioned discovery requests.

2022CV00836

This 20 day of April 2022.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | JJ Jacobson-Allen<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |

| | |
|---|---|
| **Electronic copy provided to:** | Heather Hunter |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Georgia, LLC<br>Entity ID Number  3697582 |
| **Entity Served:** | Family Dollar Stores of Georgia, LLC |
| **Title of Action:** | Karen Parquette vs. Family Dollar Stores Of Georgia, LLC |
| **Matter Name/ID:** | Karen Parquette vs. Family Dollar Stores Of Georgia, LLC (12256336) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Clayton County State Court, GA |
| **Case/Reference No:** | 2022CV00836 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 05/04/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Dozier Law Firm LLC<br>478-742-8441 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Zack Dozier
Jack Jenkins
Sean Bewick
Dustin W. Hamilton
Ashley Cameron-Bivins
Eric Alvarez (*Lic. in MI and GA*)
Rich Jenkins
Sean G. Hickey
Col. George Phillips, M.D.



## DOZIER
### LAW FIRM LLC

David Dozier
Sam Hart, Jr.
David T. Dorer
James Kurhajian
Travis Tuggle
Lindsay Simmons
Micah J. East
Savanna Roughen

April 29, 2022

Via Certified Mail: 7020 1810 0000 2626 7493
RETURN RECEIPT REQUESTED
Family Dollar Stores of Georgia, LLC
c/o Corporation Service Company
2 Sun Ct, Ste 400
Peachtree Corners, Georgia 30092

   RE: <u>Parquette v. Family Dollar et al</u>, Clayton County State Court CAN: 2022CV00836
      Request for Acknowledgment and Waiver of Service of Process

Dear Family Dollar:

  I represent Karen Parquette in the lawsuit that has been filed against you for your negligent conduct on or about 6/21/2020.

  Enclosed is a request that you acknowledge and waive service of process. <u>I am not your attorney</u>. I cannot provide you with legal advice on acknowledging and waiving service; however, I can state that my client will seek the full penalties available in the event you refuse to do so within thirty (30) days of the receipt of this letter.

Sincerely,

David Thomas Dorer
Dozier Law Firm, LLC
Trial Lawyer

DTD/SLP

Enclosures: one (1) Case Initiation Form; one (1) Complaint for Damages; one (1) Summons; one (1) Notice of Lawsuit; two (2) proposed Acknowledgment and Waiver of Service of Process; one (1) Leave of Absence; one (1) 5.2(2) Certificate of Service of Discovery Requests and Corresponding Requests; one (1) self-addressed, stamped envelope.

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

KAREN PARQUETTE,

      Plaintiff,

VS.

**FAMILY DOLLAR STORES OF**            **CIVIL ACTION NO.** 2022CV00836
**GEORGIA, LLC,** and **JOHN DOES**
**NOS 1-10** whether singular or plural,
whether masculine or feminine, whether
entities or individuals, whom are not known
at this time but will be added by
amendment when ascertained.

      Defendants.

---

**ACKNOWLEDGMENT OF SERVICE, WAIVER OF ISSUANCE OF SUMMONS,**
**WAIVER OF DEFENSES OF INSUFFICIENCY OF SERVICE OF PROCESS, AND**
**WAIVER OF FURTHER SERVICE**

---

      COMES NOW, Family Dollar, the Defendant(s) in the above-captioned action, and files

this Acknowledgment of Service, Waiver of Issuance of Summons, Waiver of Defenses of

Insufficiency of Service of Process, and Waiver of Further Service and Shows this Honorable

Court as follows:

1.

      Defendant(s) understand(s) that O.C.G.A. § 9-11-4(d)(2) requires certain parties to

cooperate in saving unnecessary costs of service of the complaint in the above-captioned case.[1]

---

[1] A defendant located in the United States who, after being notified of an action and asked
by a plaintiff located in the United States to waive service of summons, fails to do so will be
required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver. It is not good cause for a failure to waive service that a party believes that the
complaint is unfounded, or that the action has been brought in an improper place or in a court
that lacks jurisdiction over the subject matter of the action or over its person or property.

Defendant(s) acknowledge being located in the United States having been duly notified of an action and asked to waiver service of summons, and therefore acknowledge that Defendant(s) would be responsible for the costs of service in the event of a failure to acknowledge and waiver service of process.

2.

Defendant(s) hereby acknowledge(s) that the Plaintiff has provided Defendant(s) with an opportunity to return file this instrument within thirty (30) days of receipt. Therefore, the Plaintiff's request is proper under O.C.G.A. § 9-11-4(d)(3)(F).

3.

Defendant(s) in the above captioned case attest(s) to being in possession of a service copy of the Complaint in the above-captioned case. As such, Defendant(s) hereby acknowledge(s) service of the above-captioned Complaint. Defendant(s) also acknowledge(s) that the Plaintiff has agreed to permit Defendant(s) sixty (60) days to Answer the Complaint in the above-captioned case from the date of the execution of this waiver.

4.

In addition to acknowledging service, the undersigned Defendant(s) hereby waive the issuance of any summons in the above-captioned case.[2]

5.

Further, the undersigned Defendant(s) hereby waive the defense of insufficiency of

---

[2] Defendant(s) attest to having received a copy of the complaint in the above-captioned action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. Defendant(s)understand the right to consult with an attorney regarding the consequences of signing this waiver. With this knowledge, Defendant(s) opt to execute this instrument.

service of process.[3]

6.

Further, the undersigned Defendant(s) hereby waive any further service in order to perfect service of process.[4]

7.

Defendant(s)understand that, by acknowledging service, waiving the issuance of a summons, waiving insufficiency of service of process, and waiving further service, Defendant(s) still must, within sixty (60) days file a response to the complaint and must also file a signed copy of the same response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

8.

Defendant(s) agree(s) to file this instrument with the Court.

WHEREFORE, the undersigned hereby Acknowledges Service, Waives the Issuance of a Summons, Waives Defenses of Insufficiency of Service of Process, and Waives any Future

---

[3] Defendant(s) recognize that any failure to waive service of process can leave Defendant(s) liable for attorney's fees and costs associated with perfecting service, and that the waiver of service of process does not waive the affirmative defenses of improper venue or lack of personal jurisdiction. Defendant(s) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

[4] Defendant(s) agree(s) to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Defendant(s) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Service in order to Perfect Service.

This _____ day of _____, 20____.

_____
Family Dollar Stores of Georgia,
LLC

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have served on all parties to this litigation a copy of the foregoing

pleading by depositing the same in the U.S. Mail with proper postage affixed and addressed to:

      David Thomas Dorer
      Dozier Law Firm, LLC
      487 Cherry Street
      P.O. Box 13
      Macon, Georgia 31202-0013
      dorerlawteam@dozierlaw.com

Respectfully submitted this_____ day of _____ 20__.

_____
Family Dollar Stores of Georgia, LLC

Prepared By:
David Thomas Dorer
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **KAREN PARQUETTE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FAMILY DOLLAR STORES OF** | : | **CIVIL ACTION NO.** 2022CV00836 |
| **GEORGIA, LLC**, and **JOHN DOES** | : | |
| **NOS 1-10** whether singular or plural, | : | |
| whether masculine or feminine, whether | : | |
| entities or individuals, whom are not known | : | |
| at this time but will be added by | : | |
| amendment when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ACKNOWLEDGMENT OF SERVICE, WAIVER OF ISSUANCE OF SUMMONS, WAIVER OF DEFENSES OF INSUFFICIENCY OF SERVICE OF PROCESS, AND WAIVER OF FURTHER SERVICE

COMES NOW, Family Dollar, the Defendant(s) in the above-captioned action, and files

this Acknowledgment of Service, Waiver of Issuance of Summons, Waiver of Defenses of

Insufficiency of Service of Process, and Waiver of Further Service and Shows this Honorable

Court as follows:

1.

Defendant(s) understand(s) that O.C.G.A. § 9-11-4(d)(2) requires certain parties to

cooperate in saving unnecessary costs of service of the complaint in the above-captioned case.[1]

---

[1] A defendant located in the United States who, after being notified of an action and asked
by a plaintiff located in the United States to waive service of summons, fails to do so will be
required to bear the cost of such service unless good cause be shown for its failure to sign and
return the waiver. It is not good cause for a failure to waive service that a party believes that the
complaint is unfounded, or that the action has been brought in an improper place or in a court
that lacks jurisdiction over the subject matter of the action or over its person or property.

Defendant(s) acknowledge being located in the United States having been duly notified of an action and asked to waiver service of summons, and therefore acknowledge that Defendant(s) would be responsible for the costs of service in the event of a failure to acknowledge and waiver service of process.

2.

Defendant(s) hereby acknowledge(s) that the Plaintiff has provided Defendant(s) with an opportunity to return file this instrument within thirty (30) days of receipt. Therefore, the Plaintiff's request is proper under O.C.G.A. § 9-11-4(d)(3)(F).

3.

Defendant(s) in the above captioned case attest(s) to being in possession of a service copy of the Complaint in the above-captioned case. As such, Defendant(s) hereby acknowledge(s) service of the above-captioned Complaint. Defendant(s) also acknowledge(s) that the Plaintiff has agreed to permit Defendant(s) sixty (60) days to Answer the Complaint in the above-captioned case from the date of the execution of this waiver.

4.

In addition to acknowledging service, the undersigned Defendant(s) hereby waive the issuance of any summons in the above-captioned case.[2]

5.

Further, the undersigned Defendant(s) hereby waive the defense of insufficiency of

---

[2] Defendant(s) attest to having received a copy of the complaint in the above-captioned action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. Defendant(s)understand the right to consult with an attorney regarding the consequences of signing this waiver. With this knowledge, Defendant(s) opt to execute this instrument.

service of process.[3]

6.

Further, the undersigned Defendant(s) hereby waive any further service in order to perfect service of process.[4]

7.

Defendant(s)understand that, by acknowledging service, waiving the issuance of a summons, waiving insufficiency of service of process, and waiving further service, Defendant(s) still must, within sixty (60) days file a response to the complaint and must also file a signed copy of the same response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

8.

Defendant(s) agree(s) to file this instrument with the Court.

WHEREFORE, the undersigned hereby Acknowledges Service, Waives the Issuance of a Summons, Waives Defenses of Insufficiency of Service of Process, and Waives any Future

---

[3] Defendant(s) recognize that any failure to waive service of process can leave Defendant(s) liable for attorney's fees and costs associated with perfecting service, and that the waiver of service of process does not waive the affirmative defenses of improper venue or lack of personal jurisdiction. Defendant(s) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

[4] Defendant(s) agree(s) to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that Defendant(s) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

Service in order to Perfect Service.

This _____ day of _____, 20___.

Family Dollar Stores of Georgia,<br>
LLC

### **CERTIFICATE OF SERVICE**

I hereby certify that I have served on all parties to this litigation a copy of the foregoing

pleading by depositing the same in the U.S. Mail with proper postage affixed and addressed to:

> David Thomas Dorer
> Dozier Law Firm, LLC
> 487 Cherry Street
> P.O. Box 13
> Macon, Georgia 31202-0013
> dorerlawteam@dozierlaw.com

Respectfully submitted this_____ day of _____ 20__.

Family Dollar Stores of Georgia, LLC

Prepared By:
David Thomas Dorer
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorerlawteam@dozierlaw.com

2022CV00836

e-Filed 4/26/2022 12:37 PM

**General Civil and Domestic Relations Case Filing Information Form**

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

☐ Superior or ☒ State Court of Clayton _____ **County**

| For Clerk Use Only | | |
|---|---|---|
| Date Filed | 4/26/2022 | Case Number | 2022CV00836 |
| | MM-DD-YYYY | | |

**Plaintiff(s)**
Parquette   Karen

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Family Dollar Stores of Georgia, LLC
Does Nos 1-10, John

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☒  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.
No

Version 1.1.18